101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Abdel-Jabbor MALIK, Plaintiff-Appellant,
v.
G.I. HIRSHBERGER, Warden, Defendant-Appellee.
 No. 95-6373.
 United States Court of Appeals, Second Circuit.
 April 10, 1996.
 
 Appearing for Appellant: Abdel-Jabbor Malik, pro se, Atlanta, Georgia.
 Appearing for Appellee: Steven I. Froot, Assistant United States Attorney, Southern District of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before OAKES, WINTER and CALABRESI, Circuit Judges.
 
 
 1
 Abdel-Jabbor Malik appeals from a judgment for defendant-appellant G.I. Hirshberger after a partial grant of summary judgment by Judge Preska and jury trial. Malik seeks compensatory and punitive damages from the warden of the Otisville Federal Correctional Institution for allegedly interfering while he was meeting with his attorney at Otisville. The district court granted summary judgment for appellee on all claims except those alleging "aural monitoring of Malik's conversations with his attorney," which proceeded to trial. The jury subsequently returned a verdict for Hirshberger, and Malik brought the instant appeal. He contends that the district court improperly granted partial summary judgment, that the district court should have granted him judgment notwithstanding the verdict, and that the district court improperly charged the jury.
 
 
 2
 We agree with the district court's grant of partial summary judgment for substantially the reasons stated in its Memorandum and Order dated March 27, 1995.
 
 
 3
 Malik's challenge to the jury charge requires somewhat more elaboration. At trial, Malik sought to prove that the defendants' observation of him through a video camera with audio capability violated his right to confidential consultations with his counsel. During the charge conference, the district court proposed to charge the jury that "[i]t is only the allegation of eavesdropping by any method that is before you today." Malik claims that the use of the term "eavesdropping" refers to people's ears and does not encompass the interception of attorney-client conversations by means of an audio recorder. He thus argues that the district court should have explicitly mentioned the video camera in the jury charge. We cannot agree. "[A] jury instruction will be deemed adequate, so long as the charge, taken as a whole 'is correct and sufficiently covers the case so that a jury can intelligently determine the questions presented to it.' " Care Travel Co. v. Pan American World Airways, 944 F.2d 983, 996 (2d Cir.1991) (citations omitted). Judge Preska's charge that the jury was to consider "eavesdropping by any method" more than adequately presented the video camera issue for the jury's resolution.
 
 
 4
 Finally, we reject Malik's argument that because a corrections officer testified at trial that the video camera positioned outside the room where Malik met his attorney had audio capability, the district court should have granted him judgment notwithstanding the verdict. The same witness also testified that because the door to the meeting room was closed, the camera was not able to intercept any attorney-client communications. The officer also testified, as did others, that when he stood outside the room, he could not hear any conversation inside the room. This testimony suffices to sustain the jury verdict. See Samuels v. Air Transport Local 504, 992 F.2d 12, 14 (2d Cir.1993) (judgment notwithstanding verdict should be granted only when there is " 'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture' " or when there is such overwhelming evidence in favor of the movant that reasonable and fair minded jurors could not arrive at a verdict against him (citations omitted)).
 
 
 5
 We therefore affirm.